**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ROY JOSEPH LUKE                                      CIVIL ACTION

VERSUS                                              NO:    16-15779

JORDAN DARCEY, LTT., ET AL.                         SECTION: "N" (4)

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2).   On January 23, 2017, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Summary**

**A.    The Complaint**

The Plaintiff, Roy Joseph Luke ("Luke"), is an inmate incarcerated in the Plaquemines Parish Detention Center in Davant, Louisiana.   Luke filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Lieutenant Jordan Darcey, Sergeant Authement, Warden Claude Triche, and Sheriff Jerry Larpenter.

Luke contends that he was injured on September 15, 2016, when he was beaten by two inmates while in the Terrebonne Parish Criminal Justice Complex.  R. Doc. 3, p. 3. He alleges that

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims.  The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] R. Doc. No. 17.  The plaintiff was sworn prior to testifying and the hearing was digitally recorded.

he was seen by a nurse and diagnosed with a concussion. He was rushed to the hospital where a CT scan was administered revealing swelling of the brain, and bruises. Luke contends that Darcey and Authement were warned that he should have been placed on confinement while in the facility. He alleges that he had explained the reasons to the prison officials who repeatedly refused to protect him. Instead they allegedly told him to bond out.

Despite his complaints he was placed on D-300 where he believes the records will show that there were more fights and injuries than anywhere else in the Terrebonne Parish Criminal Justice Complex. He complains that in addition to the concussion, his left ear no longer works and he cannot see out of his left eye. He further complains that he has very bad headaches all the time. He also complains that he is scared. As a result of his experience, he seeks to have the defendants held responsible and he also seeks $250,000 in damages for the mental and physical injuries. *Id.* at p. 4. He also seeks payment of his medical bills.

   **B.**    ***Spears Hearing***

Luke testified that he had been in the facility before and that he had been raped by an officer in 2002 for which the officer was convicted. He believes that because of the experience he belonged in protective custody. He complains that his circumstance was well known in the facility. He testified that some of the same officers who worked for the facility then continued to work for the facility now and they knew he needed protection. According to Luke, however when he returned to the facility in May 2016 after violating his parole on a counterfeit charge he was placed in general population.

 On September 15, 2016, he was in Delta Pod 300, a medium level security. He went to put his items in the shower stall. At the time, he had been experiencing problems with his stuff being taken from him. There was an inmate who told him to come "bring his fagot ass in the

shower." He went into the shower to get his items and the other inmate who was in the shower got out of the shower and started beating Luke up. He testified that he was trying to get up but that the inmate would not allow him to get up. His face began to swell up and his eye closed almost instantly. He had two other guys who threatened him if he ratted the other inmate out. As a result, the two other inmates, who were related to the first inmate, began beating him.

He then went to medical, where they rushed him to the front and determined that he had a concussion and internal bleeding between the skin and the bone. They rushed him to the hospital and had him treated. He also testified that while he was in the hospital, the inmates who jumped him fought amongst themselves so the inmate who originally jumped him got kicked out of the facility.

Due to the harassment from the other inmates, he threatened to kill himself and he was placed on suicide watch. He was placed back in general population and as soon as he returned the catcalls began again. He did not write a grievance about the threat to his safety. He told Authement and Darcey that he was having problems. Authement knew about his problem and told him to just go back in the dorm. He did not write a complaint to the warden. He acknowledged that he never saw the warden because he runs the jail.

He did not know the names of the inmates who beat him. He testified that the night of the incident he went to the nursing station and he described the incident and the perpetrators to the correction officer. He pointed the inmates out in a photo. As a result of the beating he suffers with dizziness and migraine headaches and blurred vision. He filed a grievance but did not explain the nature of the danger he faced. He testified that he would like the medicals taken care of and the guys who beat him up charged. He testified that he is now currently housed in Plaquemine Parish Jail.

## II.    <u>Standard of Review for Frivolousness</u>

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding in *forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    <u>Analysis</u>

### A.    <u>Warden Claude Triche and Sheriff Jerry Larpenter</u>

Luke's suit against Triche and Larpenter must be dismissed as frivolous and for failure to state a claim upon which relief can be granted because: (1) Triche and Larpenter cannot be held

liable for their employee's actions and (2) Luke has failed to allege any valid claim against Triche and Larpenter within his complaint.

It is well established that the theory of *respondeat superior* is not cognizable under a 42 U.S.C. § 1983 cause of action.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999) (holding that "only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983")).

To attach liability to a prison official under § 1983, the plaintiff must plead that either:  (1) the supervisor was personally involved in depriving the plaintiff of a constitutional right, or (2) the supervisor implemented a policy or practice that was the moving force behind the plaintiff's alleged constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Brown v. Cain*, 546 F. App'x 471, 475 (5th Cir. 2013).

Luke's claim against Triche and Larpenter must be dismissed because, although Luke names Triche and Larpenter as defendants in this action, Luke fails to state a claim against Triche and Larpenter which would entitle him to relief.  It appears that Luke named Triche and Larpenter as defendants because Triche is the head of Terrebonne Parish Criminal Justice Complex and Larpenter is the Sheriff of Terrebonne Parish, and they should be liable for the acts and omissions of the prisons employees.  However, § 1983 does not permit Luke to sue Triche and Larpenter under a theory of *respondeat superior*.  Triche and Larpenter cannot be held liable for the actions of their subordinates.

Moreover, Luke does not mention Triche and Larpenter anywhere within the complaint and fails to allege that Triche and Larpenter was personally involved in the events giving rise to the complaint. He also does not allege that Triche and Larpenter instituted a policy that resulted in

his alleged constitutional violation.  Naming a defendant in a complaint alone is insufficient to establish a constitutional violation against that defendant pursuant to 42 U.S.C. § 1983. Therefore, Luke fails to state a valid claim against Triche and Larpenter and the suit against them must be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

>    **B.**    **Lieutenant Jordan Darcey & Sergeant Authement**

Luke alleges a failure to protect claim against Darcey and Authement, however his claim as to them must be dismissed because Luke has failed to allege the necessary elements to sustain a failure to protect claim.

Prison officials have a duty to protect inmates from violence while in custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400–02 (5th Cir. 1995). To prevail on a failure to protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). A prison official is deliberately indifferent to a prisoner's safety where the official is aware of a substantial risk of harm to the prisoner but disregards that risk by failing to take reasonable measures to abate it. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847)).

The Fifth Circuit has interpreted "deliberate indifference" to mean that the prison official "must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, he must draw the inference, and disregard the risk by failing to take reasonable measure to abate it." *Clark v. Adams*, 233 F. App'x 400, 401 (5th Cir. 2007).  Negligence alone or a "failure to act reasonably" is not sufficient to establish deliberate indifference. *See Laird v. Triche and Larpenter,* No. 11-1353, 2011 WL 4899943, at *5 (E.D. La. August 24, 2011) (citing

*Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003)).  Rather, the prison official must possess the "subjective intent to cause harm." *Mace* 333 F.3d at 625.

Here, Luke claims that he told Authement and Darcey that they needed to place him in protective custody.   He alleges that Authement knew about his problem but told him to return to the dorm.  Luke states that he warned Darcey that he should place in him in confinement. However, in neither the complaint nor during the *Spears* Hearing does he specifically indicate the reason why he felt unsafe. Luke's allegations against Authement and Darcey simply allege that they failed to act reasonably and not that they had the subjective intent to harm him.

Luke has failed to allege in his complaint any evidence supporting the fact that either Darcey or Authement had subjective knowledge that a fight would erupt after him in the dorm or the subjective intent to place Luke in a position that would cause him harm.   It follows then that because Luke has not established that Darcey and Authement were aware of facts from which they could reasonably perceive Luke would be harmed, then Darcey and Authement never had occasion to question Luke's safety. Absent the foregoing, Luke's claim that Darcey and Authement's actions amounted to a constitutional violation of the duty to protect must be dismissed.

## IV.    **Recommendation**

It is therefore **RECOMMENDED** that Roy Joseph Luke's § 1983 claims against Lieutenant Jordan Darcey, Sergeant Authement, Warden Claude Triche, and Sheriff Jerry Larpenter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915(A), and 42 U.S.C. § 1997(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). [3]

New Orleans, Louisiana, this 26th day of July 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

8